IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THOMAS OLANIPEKUN,

    Plaintiff,

v.

HOUSING AUTHORITY OF BALTIMORE CITY ET AL.,

    Defendants.

Civil No. 25-589-BAH

## MEMORANDUM OPINION

Plaintiff Thomas Olanipekun ("Plaintiff") brought suit in the Circuit Court of Maryland for Baltimore City alleging that Carefirst BlueCross BlueShield ("BCBS") and Housing Authority of Baltimore City ("HABC") (collectively, "Defendants") violated his civil rights. ECF 3, at 1–2 (state court complaint). HABC removed the matter to this Court on February 21, 2025,[1] invoking federal question jurisdiction. ECF 1, at 2. HABC promptly moved to dismiss the complaint or, in the alternative, for summary judgment. See ECF 2. BCBS also filed its own motion to dismiss. See ECF 4. Plaintiff responded. ECF 5 (response to BCBS); ECF 10 (response to HABC). Defendants replied. See ECF 6 (BCBS reply); ECF 11 (HABC reply). The Court has reviewed the parties' filings[2] and finds that no hearing is necessary. See Loc. R. 105.6 (D. Md. 2025).

---

[1] The case was originally assigned to Judge Bennett but was reassigned to the undersigned on February 24, 2025.

[2] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page number at the top of the page.

The Court will construe HABC's motion, as it relates to the discrimination claims, as one for summary judgment. The remainder of HABC's motion will be treated as one seeking dismissal of Plaintiff's remaining claims. For the reasons stated below, both HABC's and BCBS's motions are **GRANTED**.

## I.   BACKGROUND

### A.   Factual Allegations

Plaintiff's complaint is short on detail. It begins by alleging that Plaintiff has "reason to believe that [BCBS] and HABC have been violating [Plaintiff's] civil rights since 2018." ECF 3, at 1. Plaintiff further alleges, without further description, that both HABC and BCBS "used [Plaintiff's] intellectual property without consent[.]" *Id.* Plaintiff alleges that he was "employed as a program specialist at HABC from July 2014 to Spring 2016." *Id.* Plaintiff was apparently "transferred to Latrobe Housing" and remained there for "less than six months before resigning due to unfavorable working conditions." *Id.* at 2. In January of 2018, Plaintiff took a position with BCBS and alleges "experienc[ing] similar issues as [he] did at HABC" which "include[s] controversies about signing or not signing documents." *Id.* Plaintiff alleges that "as a result of [Plaintiff's] rights being violated, Plaintiff [ha]s been unable to seek gainful employment elsewhere" and further claims to have "been harassed and defamed at work." *Id.* Plaintiff alleges that "[i]n 2023, [Plaintiff] reached out to the EEOC [Equal Employment Opportunity Commission] and filed a complaint, but this has only made matters worse because [Plaintiff] was unable to get an attorney to file a lawsuit within the 90 day timeframe set by the [EEOC]." *Id.*

In responding to BCBS's motion to dismiss, Plaintiff attempts to provide additional details by alleging that a former colleague "was promoted at [Plaintiff's] expense." ECF 5, at 1. Plaintiff notes that the "quality of [Plaintiff's] work at [BCBS] has frequently been criticized" and Plaintiff has not been promoted "for seven years." *Id.* Plaintiff further alleges that a

2

reassignment in 2021 to a new manager "has negatively affected [Plaintiff's] yearly performance review and compensation." *Id.* Plaintiff again claims that he "filed EEOC [sic] in 2023 because [Plaintiff] was confident of having a better academic qualification" than a colleague who Plaintiff "believed was promoted at HABC using [Plaintiff's] intellectual property." *Id.* at 2.

Plaintiff's response to HABC's motion provides some additional information about the nature of his claims. Plaintiff first notes that his claims are actually for "conversion and negligence." ECF 10, at 1. Plaintiff again affirms that his employment at HABC lasted from "July 2014 to Spring 2016." *Id.* Plaintiff also alleges ongoing employment at BCBS. *Id.* Plaintiff vaguely references the unauthorized "conver[sion of Plaintiff's] intellectual property for public use without [Plaintiff's] consent" by both HABC and BCBS and further claims the violation of "constitutional rights" at the hands of HABC. *Id.* Plaintiff claims that BCBS "negligently reassigned" Plaintiff in 2021 "to a different manager." *Id.* Plaintiff further argues that "HABC used its large network of employees and tenants to harass and defame [Plaintiff] at work and in the community" by "giving [a] bad reference to potential employers and false claims about [his] intellectual abilities." *Id.* Again, Plaintiff alleges the filing of an "EEOC Title VII national origin discrimination [claim] in 2023" and notes the receipt of a "right to sue letter from the EEOC" thereafter. *Id.* Plaintiff further articulates discrepancies with paperwork received in connection with Plaintiff's former HABC employment. *Id.*[3]

## II. **LEGAL STANDARDS**

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." In considering a motion under this rule, courts discount legal

---

[3] Defendant HABC attaches several documents to its motion to dismiss or for summary judgment. ECF 2-2, at 1–3. Plaintiff also attaches several documents to his response to the motion. *See* ECF 10-2 (summary of exhibits). As noted below, the Court will convert the portion of HABC's motion alleging the failure to timely file this lawsuit as one for summary judgment and thus will consider documents relevant to this argument.

3

conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

Because Plaintiff brings this suit pro se, the Court must liberally construe Plaintiff's pleadings, holding them to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This leniency has its limits, though. "A court may not construct the plaintiff's legal arguments for him, nor is a district court required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Runge v. Barton*, Civ. No. 6:08-0231, 2009 WL 3245471, at *1 (D.S.C. Oct. 2, 2009) (first citing *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), then quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)), *aff'd*, 368 F. App'x 361 (4th Cir. 2010).

Finally, when presented with a motion to dismiss or, in the alternative, for summary judgement, the disposition of the motion "implicates the court's discretion under Rule 12(d) of

the Federal Rules of Civil Procedure." *Pevia v. Hogan*, 443 F. Supp. 3d 612, 625 (D. Md. 2020). In this case, HABC's motion is styled as a motion to dismiss under Rule 12(b)(6) or, in the alternative, for summary judgment under Rule 56. ECF 2. Conversion of a motion to dismiss to one for summary judgment under Rule 12(d) is permissible where a plaintiff has notice that the motion may be disposed of as one for summary judgment. *See Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). When a movant expressly captions their motion to dismiss "in the alternative" as one for summary judgment and submits matters outside the pleadings for the Court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur, and the Court "does not have an obligation to notify parties of the obvious." *Laughlin*, 149 F.3d at 261; *see also Willey v. Bd. of Educ. of St. Mary's Cnty.*, 557 F. Supp. 3d 645, 657 (D. Md. 2021) ("Notably, 'the Federal Rules do not prescribe that any particular notice be given before a Rule 12 motion is converted to a Rule 56 motion.'" (quoting *Ridgell v. Astrue*, Civ. No. DKC-10-3280, 2012 WL 707008, at *7 (D. Md. Mar. 2, 2012))).

Plaintiff received notice of HABC's desire to treat the motion as one for summary judgment since such relief was included in the motion's title. ECF 2, at 1. Plaintiff also received a Rule 12/56 Notice, *see* ECF 8, which this Court routinely finds satisfactory to meet the notice requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). *See, e.g., Janice D. v. Kijakazi*, Civ. No. SAG-22-3369, 2023 WL 5509314 (D. Md. Aug. 25, 2023); *Toi H. v. Kijakazi*, Civ. No. SAG-20-3260, 2022 WL 993774 (D. Md. Apr. 1, 2022); *Bogues v. Bishop*, Civ. No. CCB-19-2035, 2020 WL 5759758 (D. Md. Sept. 28, 2020). The Court recognizes that Plaintiff has requested that this case "proceed to the stage of formal discovery, so that [he] can collect information necessary to validate [his] claims." ECF 10, at 2. And it is true that the

Fourth Circuit has recently "cautioned that district courts should not consider summary judgment motions where the nonmoving party has not had an opportunity to discover information essential to its opposition." *Farabee v. Gardella*, 131 F.4th 185, 193 (4th Cir. 2025) (citing *Shaw v. Foreman*, 59 F.4th 121, 128–29 (4th Cir. 2023)). At the same time, Plaintiff himself has submitted evidence extrinsic to the pleadings, and additional evidence would not alter the Court's conclusion on the limited portion of HABC's motion that the Court converts to one for summary judgment.[4] Accordingly, the Court will treat arguments based on the failure to file suit within the applicable time limits as constituting a motion for summary judgment. *See Talbot v. U.S. Foodservice, Inc.*, 191 F. Supp. 2d 637, 639 (D. Md. 2002). As for additional arguments in the pending motions, the Court will exercise its discretion to consider them under the motion to dismiss standard. *Pevia*, 443 F. Supp. 3d at 625.

### III.  ANALYSIS

#### A.  HABC's Motion to Dismiss or for Summary Judgment

Though the precise contours of Plaintiff's allegations against HABC are unclear, Plaintiff flatly frames them as a violation of Plaintiff's "civil rights." ECF 3, at 1; ECF 10, at 1 (noting that events at both HABC and BCBS "led [Plaintiff] to file EEOC Title VII national origin discrimination [charges] in 2023"). As such, HABC moves to dismiss them on the ground that whatever their factual underpinnings, they are "barred by the statute of limitations and for failing to file within the ninety days of closure by the [EEOC]." ECF 2-1, at 1. The Court agrees.

---

[4] Relevant to the Fourth Circuit's decision in *Farabee* was the fact that "the movant exclusively control[led] evidence relevant to the nonmovant's opposition." *Farabee*, 131 F.4th at 195. Here, however, the evidence bearing on the summary judgment question at issue, namely, whether the factual circumstances warrant tolling the 90-day filing deadline, is completely within Plaintiff's own control. Thus, additional discovery would not move the needle on this question.

6

Before a plaintiff files suit under Title VII, they must first file a charge of discrimination with the EEOC or a "State or local agency with authority to grant or seek relief" from the discriminatory practice alleged. 42 U.S.C. § 2000e–5(e)(1). "In a state such as Maryland, which has a state or local agency that has agreed to have the EEOC process charges of discrimination that would otherwise fall within its jurisdiction, the charge of discrimination must be submitted within 300 days of the act constituting the unlawful employment practice." *Thomas v. EOTECH, LLC*, Civ. No. 23-3313-TDC, 2024 WL 5239487, at *10 (D. Md. Dec. 27, 2024) (citations omitted). Once a plaintiff "receives a Right-to-Sue Letter from the EEOC signifying the completion of its review, that plaintiff has 90 days from the receipt of the letter to bring a civil action against the employer." *Id.* (citing 42 U.S.C. § 2000e–5(f)(1)).

Here, construing the issue in the light most favorable to Plaintiff, the relevant "Right-to-Sue Letter" issued on March 28, 2023, and was received soon thereafter by Plaintiff. *See* ECF 10-2, at 7 (right-to-sue letter provided by Plaintiff); ECF 3, at 2 (noting that Plaintiff "reached out to the EEOC" in 2023); ECF 5, at 2 (alleging that Plaintiff "filed EEOC [sic] in 2023"); ECF 10, at 1 ("One of the attorneys I spoke to about my case stated that the employment matter was a contractual agreement with the housing agency *but by then I had already received a right to sue letter from the EEOC*." (emphasis added)).[5] "It is well settled that a person alleging claims under Title VII must file a lawsuit within 90 days of receipt of the notice of right to sue." *Kramer v.*

---

[5] HABC notes that Plaintiff "filed a charge with the EEOC on or about August 24, 2015," and attaches documentation reflecting that Plaintiff voluntarily withdrew that charge "by November 9, 2015." ECF 2-1, at 6 n.2; *see also* ECF 2-2, at 1–3. The Court will assume that Plaintiff's 2023 letter is the resolution of the operative EEOC charge and will consider its receipt as the start-date for the ninety-day window to sue. It bears noting that the Court is not convinced that the 2023 charge even raises claims related to HABC. *See* ECF 11, at 2 ("Plaintiff asserts he filed a 2023 [EEOC] action, but he has not shown HABC was even a part of that charge."). Assuming without deciding that allegations related to HABC were included, Plaintiff still failed to file suit in a timely manner and summary judgment is warranted on any discrimination-based claim against HABC.

7

*Bd. of Educ. of Baltimore Cnty.*, 788 F. Supp. 2d 421, 424 (D. Md. 2011) (citing 42 U.S.C. § 2000e–5(f)). Even providing for a generous period of weeks for receipt of the letter, *see Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987), by Plaintiff's own admission he failed to file suit until December 12, 2024, over a year and half after learning of his right to sue and well beyond the ninety-day window. *See* ECF 1-3, at 4 (noting a filing date in state court of December 12, 2024).

Of course, the ninety-day period is not absolute and "district courts should conduct a thorough examination of the facts to determine if reasonable grounds exist for an equitable tolling of the filing period." *Harvey*, 813 F.2d at 654; *see also Abraham v. Trident Vantage Sys., LLC*, Civ. No. TDC-23-3195, 2024 WL 4607967, at *5 (D. Md. Oct. 28, 2024) ("Under the 'flexible rule' of *Harvey*, the Court must still consider whether 'reasonable grounds exist for an equitable tolling of the filing period.'" (quoting *Harvey*, 813 F.2d at 654)). "At a minimum," however, "equitable tolling requires a showing of due diligence." *Id.* (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (per curiam)). Here, Plaintiff was warned that any "**lawsuit must be filed WITHIN 90 DAYS of [Plaintiff's] receipt of [the EEOC] notice.**" ECF 10-2, at 7 (emphasis in original); *see also Baldwin Cnty. Welcome Ctr.*, 466 U.S. at 151 (finding no equitable tolling in part because "[t]he right-to-sue letter itself stated that [the plaintiff] had the right to sue within 90 days"). Despite this explicit admonition, Plaintiff offers no explanation for the failure to file beyond claiming that he was "unable to get an attorney to file a lawsuit within" the required timeframe. ECF 3, at 2. Other courts have rejected this same argument as a basis for equitable tolling. *See Martin v. State's Attorney's Off. of Montgomery Cnty.*, Civ. No. PWG-15-2429, 2015 WL 5062357, at *2 (D. Md. Aug. 25, 2015), *aff'd*, 626 F. App'x 423 (4th Cir. 2015) ("Martin's request for equitable tolling, . . . based upon his inability to

8

find an attorney to represent him in a civil action against Defendants, is unavailing."); *Gilbert v. Dotson*, No. 7:23-CV-00574, 2024 WL 185877, at *2 (W.D. Va. Jan. 17, 2024) ("Neither [the plaintiff's] status as a pro se litigant nor his inability to find an attorney constitutes the type of extraordinary circumstance that would excuse his failure to file a timely petition."); *Contejean v. Ameren*, No. 4:24-CV-1001 PLC, 2025 WL 238022, at *3 (E.D. Mo. Jan. 17, 2025) ("Further, Plaintiff's stated reasons for not timely filing her action, including an unspecified 'family emergency' and her unsuccessful efforts to secure counsel, do not warrant equitable tolling."). While the failure to find counsel to pursue his lawsuit undoubtedly made things more difficult for Plaintiff, it did not prevent Plaintiff from filing suit pro se, as he eventually did in December of 2024. Moreover, equitable tolling is to be applied "sparingly" and does not typically "extend to what is at best a garden variety claim of excusable neglect."[6] *Gayle v. United Parcel Serv.*, 401 F.3d 222, 226–27 (4th Cir. 2005) (*quoting Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990)). Equitable tolling does not apply and HABC's motion for summary judgment is granted as to all federal discrimination claims.[7]

---

[6] In *Baldwin Cnty. Welcome Ctr.*, the Supreme Court laid out several specific circumstances that would justify equitable tolling, including the receipt of "inadequate notice," "where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon," "where the court has led the plaintiff to believe that she had done everything required of her," or "where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction." 466 U.S. at 151 (citations omitted). Plaintiff raises no such arguments here and the record before the Court does not support any of them. To the extent Plaintiff alleges that the failure to secure counsel caused the delay, Plaintiff never filed a petition seeking appointment of counsel as described in *Baldwin Cnty. Welcome Ctr. Id.* (citing *Harris v. Walgreen's Distribution Ctr.*, 456 F.2d 588 (6th Cir. 1972)).

[7] Plaintiff also argues that his discrimination claims "cannot be time barred because [the represent] an ongoing matter." ECF 10, at 2. However, the complaint—and the documentation he provides in support of his opposition to summary judgment—completely fails to detail how the alleged behavior of an employer Plaintiff left in 2016 continues to discriminate against him. Plaintiff also alleges that the "Lill[y] Ledbetter Fair Pay Act of 2009 resets the statute of limitations period with each paycheck or compensation issued to [an] employee that is infected by discrimination." *Id.* However, the Lilly Ledbetter Fair Pay Act ("LLFPA") "applies to

To the extent Plaintiff raises other claims against HABC such as conversion or negligence, *see* ECF 10, at 1, such claims are time-barred and must be dismissed. "Where a complaint on its face shows that the claims accrued outside the limitations period, dismissal is appropriate." *Hobson v. Transit Employees Health & Welfare Fund, LLC*, Civ. No. 25-146-PX, 2025 WL 2444158, at *3 (D. Md. Aug. 25, 2025) (citations omitted). Under Maryland law, "[a] civil action at law shall be filed within three years from the date it accrues," unless another limitations period is specifically provided. Md. Code Ann., Cts. & Jud. Proc. § 5-101. As HABC notes, "[Plaintiff] does not identify any event involving HABC after [Plaintiff's] spring 2016 resignation, which was more than eight years before [Plaintiff] filed this Complaint." ECF 2-1, at 5. By Plaintiff's own admission, Plaintiff was last employed by HABC in the spring of 2016, and he fails to articulate any act by HABC occurring after that date. *See* ECF 3, at 2; ECF 10, at 1. As such, any cause of action against HABC must have been filed within at least three years of Plaintiff's departure in 2016. Since Plaintiff waited until the end of 2024 to file suit, Plaintiff's additional (non-discrimination) claims are time-barred and are similarly dismissed. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (affirming that a statute of limitations defense can be resolved on a motion to dismiss where the time bar is apparent from the face of the complaint).

---

claims of receiving lower pay for the same work as similarly situated employees outside the plaintiff's protected class." *Effland v. Baltimore Police Dep't*, Civ. No. MJM-20-3503, 2024 WL 4349693, at *10 (D. Md. Sept. 30, 2024). "[T]he statute 'did not create a 'limitations revolution for any claim somehow touching on pay.'" *Id.* (citation omitted). Plaintiff does not allege that he received lower pay for equal work while he was employed at HABC. Instead, he mentions only "unfavorable working conditions" as a basis for his discrimination claims against HABC. ECF 3, at 2. He later alleges that HABC's purported wrongdoing involved the denial of other "employment opportunities" as well as "harras[ment] and defamation" in the form of "bad reference[s] to potential employers and false claims about [Plaintiff's] intellectual abilities." ECF 10, at 1. Though these accusations may "touch on pay," they must be asserted to the EEOC in a timely manner and, if procedurally barred, "the LLFPA does not revive them." *Effland*, 2024 WL 4349693, at *10.

**B.     BCBS's Motion to Dismiss**

BCBS also moves to dismiss Plaintiff's claims on the ground that they are time-barred. ECF 4, at 2. As to any discrimination claim, BCBS seeks dismissal on the ground that Plaintiff failed to file within the requisite ninety days after he received the right-to-sue letter from the EEOC. *Id.* at 3. As for any "general tort claims" alleged by Plaintiff, BCBS argues that the three-year statute of limitations has run. *Id.* (citing Md. Code Ann., Cts. & Jud. Proc. § 5-101). And to the extent Plaintiff is alleging claims for defamation or harassment, BCBS avers that the time to raise such causes of action has also long-since passed. *Id.* (citing Md. Code Ann., Cts. & Jud. Proc. at § 5-105 (defamation); Md. Code State Gov't. § 20-1004(c)(1) (establishing "a two-years statute of limitations to file a Complaint with the Maryland Commission of Civil Rights [alleging harassment] and three years to file a civil action"). BCBS also argues that regardless of any statute of limitations or exhaustion issues, the complaint must also be dismissed because Plaintiff fails to allege anything more than "conclusory allegations." *Id.* at 3.

Plaintiff's response confirms that he pursued his claims administratively with the EEOC in 2023. ECF 5, at 2. He notes that as it relates to BCBS, he alleges that another employee "was promoted at [Plaintiff's] expense" and further claims "[t]he quality of [Plaintiff's] work at [BCBS] has frequently been criticized and there has been no promotion for seven years." *Id.* He appears to argue that a new manager's failure to "accurately review [Plaintiff's] work has negatively affected [Plaintiff's] yearly performance review and compensation." *Id.*

As with HABC, it appears from the face of the complaint that Plaintiff has missed the applicable statute of limitations as to any claims accruing more than three years before he filed suit in December of 2024.[8] Further, even if the Court were to construe Plaintiff's response to the

---

[8] Plaintiff's failure to timely file suit after receiving a right-to-sue letter from the EEOC would also seem to doom any discrimination-based claims for the same reasons articulated by the Court

11

motion as a supplement to his complaint, Plaintiff's remaining allegations are simply too vague and conclusory to "raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and alterations omitted). Plaintiff vaguely asserts the violation of his rights and notes that he has been "harassed and defamed at work." ECF 3, at 2. He provides no details as to who harassed or defamed him, how he was harassed or defamed, the basis for the alleged harassment, or when the harassment or defamation occurred. He also alleges that "[a]s a result of [his] rights being violated, [he has] been "unable to seek gainful employment." *Id.* Again, he fails to articulate how his rights were violated, who violated them, or how the alleged violations harmed him. In his response to BCBS's motion, Plaintiff attempts to clarify his claims but merely articulates dissatisfaction with reviews of his work by his manager and a desire "to be in a role with a clear career path and compensation . . . that matches [his] educational qualifications [and] work experience." ECF 5, at 1–2. Valid or not, the Court struggles to find a cause of action among these grievances. Regardless, to the extent Plaintiff seeks to buttress his claims with this new information, his allegations remain vague and conclusory and devoid of factual support. In sum, Plaintiff's claims against BCBS are dismissed because the complaint offers only "labels and conclusions" and "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

---

in addressing HABC's motion for summary judgment. With no federal discrimination claims remaining, the Court could decline to exercise supplemental jurisdiction over the matter and remand the matter on that basis. *See* 28 U.S.C. § 1367(c). Unlike HABC's motion, Plaintiff was arguably not warned that summary judgment might be in order for claims filed by BCBS. As such, the Court declines to rule on that basis. Regardless, since Plaintiff fails to "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 446 U.S. at 662, the Court will dismiss the claims against BCBS.

## IV. CONCLUSION

For the foregoing reasons, HABC's motion to dismiss or, in the alternative, for summary judgment (ECF 2) will be treated as one for summary judgment as to claims alleging discrimination and is **GRANTED**. The remainder of the motion is treated as a motion to dismiss and is also **GRANTED**. BCBS's motion to dismiss (ECF 4) is **GRANTED**. A separate implementing Order will issue.

Dated: August 27, 2025

/s/
Brendan A. Hurson
United States District Judge